UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-93-KAC-DCP |
| | ) | |
| ISABEL CORONEL-MONTOYA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Isabel Coronel-Montoya's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 15], filed on August 10, 2026.

Defendant asks to continue the plea deadline of August 7, 2026, and the trial date of September 8, 2026 [*Id.* at 1]. As grounds, Defendant states that his counsel has been involved in a good faith effort to resolve her case, but despite due diligence, additional time will be required to further communicate, discuss legal issues, and confer with the Government regarding a potential resolution in the matter [*Id.* ¶ 1]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to discuss issues with Defendant, consider a negotiated resolution, or otherwise prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** Defendant Isabel Coronel-Montoya's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 15**]. The trial of this case is reset to **December 8, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on August 10, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Isabel Coronel-Montoya's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 15] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 8, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 10, 2026**, and the new trial date of **December 8, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 6, 2026**;

(5) the deadline for filing motions *in limine* is **November 23, 2026**, and responses to motions *in limine* are due on or before **December 1, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 19, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge